_____

No. 96-1002
_____

Diana Webb,                      *
                                 *
     Plaintiff/Appellant,        *
                                 *  Appeal from the United States
     v.                          *  District Court for the
                                 *  Northern District of Iowa.
Mercy Hospital, Cedar            *
Rapids, Iowa; Erin P.            *
Shanahan; Carol Watson,          *
                                 *
     Defendants/Appellees.       *

_____

          Submitted:  October 25, 1996

          Filed:      December 13, 1996
_____

Before WOLLMAN, ROSS, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


     Diana Webb appeals from a judgment dismissing her employment
discrimination claim brought under the Americans with Disabilities
Act (ADA), 42 U.S.C. §§ 12102-12213.  Webb alleged she was fired
from her job at Mercy Hospital (Mercy) because of a mental
impairment, but the district court[1] concluded she had failed to
make a prima facie case showing that she was disabled under the
ADA.  We affirm.


     The background facts are not in dispute.  Webb worked as a
weekend options nurse at the Mercy Birthplace in Cedar Rapids, Iowa
from January 2, 1991 to May 7, 1993, when she was dismissed.  She
had been hired to work either three eight-hour shifts or two

_____

     [1]The Honorable Mark Bennett, United States District Judge
for the Northern District of Iowa.

twelve-hour shifts per week.  In December 1992, Webb gave Mercy a statement from a doctor which said she should not work the night shift to avoid fatigue.  For the next couple of months she was not scheduled at night, but Mercy then asked Webb to make arrangements so that she could again work night shifts.  Webb objected to this request.

In the weeks before her termination, Webb discussed her objections to Mercy's request with other employees.  She indicated she understood why someone who had been in the news had killed several people, and she threatened some co-workers with legal proceedings.  After she refused to accept an initial reprimand, she was given another for disruptive and insubordinate behavior and was told she must participate in Employee Assistance Program counselling or she would be fired.  A few days later, on May 5, 1993, Erin Shanahan, her supervisor, told her not to come to the Birthplace until further notice, but she showed up at a meeting there on May 7.  Carol Watson, the vice president of patient care, ordered her to leave several times.  When Webb refused to leave, she was escorted from the building by Mercy security, and Mercy terminated her employment.  Mercy hired a private security guard for the Birthplace for two weeks following Webb's termination.

Webb sued Mercy, Shanahan, and Watson under the ADA and state law in both federal and state court.[2]  She alleged she was illegally terminated because of both physical and mental disabilities.  The federal court granted summary judgment on her ADA claims and dismissed her supplemental state law claims.  It found Webb had failed to establish a prima facie case of disability discrimination based on a perceived mental impairment because she did not produce evidence that she was regarded as mentally impaired

---

[2]Appellees argue that Shanahan and Watson as supervisors cannot be subject to personal liability under the ADA, but that issue need not be resolved in this case.

2

or that any such impairment was substantial.  This appeal concerns only the federal district court's dismissal of her mental disability claim under the ADA.[3]

Webb argues summary judgment was inappropriate on her mental impairment claim because there was sufficient evidence to establish a prima facie case.  She argues that a previous diagnosis she received of depression and Mercy's response to her behavior during the disagreement created an inference that she was regarded as suffering from a substantially limiting mental impairment, making her disabled under the ADA.  Mercy, Watson, and Shanahan respond that Webb has not shown herself to be disabled within the meaning of the ADA because she did not produce any evidence that she was regarded as mentally impaired.

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of" that disability. 42 U.S.C. § 12112(a).  A "qualified individual with a disability" is a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position."  42 U.S.C. § 12111(8).  To establish a prima facie case under the ADA, a complainant therefore must show that she is disabled within the meaning of the Act; she is qualified to perform the essential functions of her job with or without reasonable accommodation; and she suffered an adverse employment action because of her disability.  Robinson v. Neodata Serv., Inc., 94 F.3d 499, 501 (8th Cir. 1996) (citations omitted).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life

---

[3]Webb did not appeal the court's grant of summary judgment on her physical disability claim under the ADA.  Webb also did not appeal from a subsequent state court summary judgment involving all claims, and Mercy has moved to dismiss this appeal on the basis of res judicata.

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2)(A)-(C).  Webb does not argue that she actually suffers from a mental impairment or has a record of such impairment, but rather that she was regarded as having a substantially limiting mental impairment.  42 U.S.C. § 12102(2).  A person is "regarded as having" an impairment that substantially limits major life activities when others treat that person as having a substantially limiting impairment.  Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995) (citing 29 C.F.R. § 1630.2(l)(3)).  An employer's knowledge that an employee exhibits symptoms which may be associated with an impairment does not necessarily show the employer regarded the employee as disabled.  Hamm v. Runyon, 51 F.3d 721, 725 (7th Cir. 1995); see also Miller v. National Cas. Co., 61 F.3d 627, 629-30 (8th Cir. 1995).

On a motion for summary judgment, the nonmoving party must set forth specific facts sufficient to raise a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  A grant of summary judgment is reviewed de novo.  Crawford v. Runyon, 37 F.3d 1338, 1340 (8th Cir. 1994).

Webb failed to make a sufficient showing that she was disabled within the meaning of the ADA.  Webb claims Mercy and her supervisors regarded her as mentally impaired because of a previous diagnosis and hospitalization for depression, but she produced no evidence that her supervisors or the management at Mercy were aware of the diagnosis.  Without such evidence, that diagnosis cannot be the basis for inferring that she was regarded as mentally impaired.  See Miller, 61 F.3d at 629-30 (employee's complaints about stress insufficient to put employer on notice of any disability when it had not been informed about a diagnosis of manic depression).  Although Webb's supervisors testified she was a difficult and insubordinate employee, that does not establish that she was considered mentally impaired.  See Id. at 630 (stress and unexcused

4

absences are not obvious manifestations of disability); <u>Hamm v. Runyon</u>, 51 F.3d 721, 725 (7th Cir. 1995) (chronic tardiness does not create inference that the employer would regard the employee as disabled); <u>Daley v. Koch</u>, 892 F.2d 212, 215 (2d Cir. 1989) (perception that person has poor judgment and impulse control and behaves irresponsibly does not establish that person is regarded as handicapped).  Without evidence that Mercy or her supervisors regarded her as mentally disabled or acted on such a perception, her ADA claim cannot go forward.

For these reasons, the judgment is affirmed, and the motion to dismiss the appeal on res judicata grounds is dismissed as moot.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5