Moon, Moss, McGill & Bachelder, P.A., Portland, ME, (Jonathan Shapiro, of counsel), for defendant.

**Evelyn A. MUNDO, Plaintiff,**

v.

**SANUS HEALTH PLAN OF GREATER NEW YORK, Defendant.**

No. 94–CV–5333 (FB).

United States District Court,
E.D. New York.

June 24, 1997.

BLOCK, District Judge:

This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff Evelyn A. Mundo ("Mundo"), a former employee of defendant Sanus Health Plan of Greater New York ("Sanus"), was discharged from her position in 1993. Mundo alleges that her termination violated the ADA because Sanus perceived that she was unable to tolerate stress at the office, which she contends is an impairment that substantially limits a major life activity, *i.e.*, her ability to work. Sanus moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court agrees with Sanus that job-related stress is not a disability for purposes of the ADA, Sanus' motion is granted and the complaint dismissed.

### BACKGROUND

According to the allegations of the Second Amended Complaint, Mundo began working as a quality analyst at Sanus' Jackson Heights, Queens office in 1991. In December of 1992, she was honored as Employee of the Month, and in January of 1993, she was

promoted from her position as quality analyst to the position of enrollment supervisor. In April of 1993, Mundo had to leave work suddenly because of sharp abdominal pains, and she was admitted to the hospital for an appendectomy and for gall bladder surgery several days later. Mundo applied for disability benefits. She alleges that shortly after Sanus received her application for benefits, she was told over the phone that she was fired. On May 12, 1993, Mundo received an official letter of termination.

Mundo contends that she was fired because her supervisors believed that she was unable to tolerate the stress of her new position. During her absence from the office, Sanus employee Frank Seguro found materials in Mundo's office that she had not entered into Sanus' computer system. Mundo alleges that Sanus overestimated the extent of the backlog. She also alleges that her supervisors perceived that she had a poor tolerance for stress because she was unable to give coherent responses when they asked her about her job. Additionally, she notes that one of her supervisors testified at her Workers' Compensation hearing that he was not surprised to learn that there was a backlog of files to be entered into the computer.

In 1994, Mundo filed a complaint seeking relief under the ADA based upon allegations that her appendicitis and gall bladder condition were disabilities under the statute. Sanus moved to dismiss this complaint pursuant to Fed.R.Civ.P. 12(b)(6). At proceedings held on June 3, 1996, the Court rejected Mundo's argument that her medical condition constituted an actual disability protected by the ADA and granted Sanus' motion to dismiss. However, the Court granted Mundo leave to amend her complaint to allege that Sanus perceived her as being disabled and that she was therefore entitled to protection under the ADA. Mundo filed her Second Amended Complaint in August of 1996. The instant motion to dismiss followed.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980); *see Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 124 (2d Cir.1991). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Moreover, in evaluating whether a complaint will withstand a Rule 12(b)(6) motion, a court must assume the truth of plaintiffs "well-pleaded allegations." *See Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994). A complaint will not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The ADA prevents employers from discriminating "against a qualified individual with a disability because of the disability of such individual...." 42 U.S.C. § 12112(a). The statute defines disability as

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(g). The Equal Employment Opportunity Commission regulations implementing the ADA define "mental impairment" as "[a]ny mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h).

Mundo does not claim that she actually has a mental impairment that substantially limits her life functions; rather, she relies upon the third prong of the ADA's definition off disability and alleges that she was *perceived as* having a mental impairment that falls within the ADA's definition of disability. Courts have held that to succeed on a "per-

ceived disability" claim, a plaintiff must demonstrate that the employer not only perceives the existence of an impairment, but also perceives that the impairment is significant and limits a major life activity. *See Wooten v. Farmland Foods,* 58 F.3d 382, 385 (8th Cir. 1995); *Schluter v. Industrial Coils, Inc.,* 928 F.Supp. 1437, 1449 (W.D.Wis.1996); *Pouncy v. Vulcan Materials Co.,* 920 F.Supp. 1566, 1580 (N.D.Ala.1996). Mundo argues that her supervisors perceived her as suffering from a mental impairment that substantially limited her in the major life activity of working.[1]

Mundo's complaint, however, fails to state a claim for two reasons. First, an inability to tolerate stressful situations is not an impairment for purposes of the ADA. The purpose of the "perceived impairment" provision of the ADA is "to combat the effects of 'archaic attitudes,' erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities." *Wooten v. Farmland Foods,* 58 F.3d at 385 (*quoting School Bd. of Nassau County v. Arline,* 480 U.S. 273, 279, 285, 107 S.Ct. 1123, 1126, 94 L.Ed.2d 307 (1987)). It was not intended to categorize people with common personality traits as disabled. *See Pouncy v. Vulcan Materials Co.,* 920 F.Supp. at 1580 n. 8; *Weiler v. Household Finance Corp.,* 1995 WL 452977 at *5 (N.D.Ill.1995). In an employment case arising under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"), the Court of Appeals for the Second Circuit held that a person who was perceived as exhibiting "poor judgment, irresponsible behavior and poor impulse control" was not a handicapped person within the meaning of the Rehabilitation Act. *See Daley v. Koch,* 892 F.2d 212, 215 (2d Cir.1989)[2]; *see also Webb v. Mercy Hosp.,* 102 F.3d 958, 960 (8th Cir. 1996). It would, in short, "debase [the purpose of the ADA] if the statutory protections available to those truly [disabled] could be claimed by anyone whose disability was minor and whose relative severity of impair-

ment was widely shared." *Forrisi v. Bowen,* 794 F.2d 931, 934–935 (4th Cir.1986) (arising under Rehabilitation Act).

■ Second, even if the Court concluded that an inability to cope with stress qualified as a mental impairment, Mundo's complaint fails adequately to set forth that she was substantially limited in the life activity of working. It is well-established that to satisfy this requirement, the plaintiff must allege that the employer considered the impairment to foreclose not only a particular position, but the type of employment involved generally. *See Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 723–724 (2d Cir.1994); *Gonzalez v. Perfect Carton Corp.,* 1996 WL 89058 (N.D.Ill. 1996); *Venclauskas v. State of Connecticut,* 921 F.Supp. 78, 82 (D.Conn.1995); *Locklear v. City of Mebane,* 1995 WL 795676 (M.D.N.C.1995). Giving this complaint the most generous reading possible, as the Court must, Mundo has completely failed to set forth allegations as would lead the Court to conclude that her employer viewed her as being generally unable to work at a broad range of positions. Indeed, as Mundo herself alleges, as quality analyst, she was voted Employee of the Month and was so well-regarded that she was promoted to a supervisory position shortly thereafter. Even if Mundo may exhibit personality traits that limit her ability to serve in a supervisory capacity, the Court concludes that she has completely failed to show that she possesses a claim based upon Sanus' perception that she is generally disabled from working.

## CONCLUSION

For the reasons set forth above, the Court concludes that Mundo has failed to state a claim for which relief can be granted under the ADA. Because the sole source of federal jurisdiction over this case was Mundo's ADA claim, there is no basis for the Court to exercise supplemental jurisdiction over her remaining State law claims. 28 U.S.C.

---

1. 29 C.F.R. § 1630.2(i) defines "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."

2. The Second Circuit has interpreted language contained both in the ADA and the Rehabilitation Act similarly in order to avoid inconsistent standards among employment discrimination claims. *See Lyons v. Legal Aid, Soc.,* 68 F.3d 1512, 1515 (2d Cir.1995).

§ 1367(c). Accordingly, Sanus' motion to dismiss the complaint pursuant to Rule 12(b)(6) is granted and the complaint is dismissed in its entirety.

**SO ORDERED.**