# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3109

_____

| | |
|---|---|
| Phillip S. Ceretti, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Marvin T. Runyon, Postmaster General | * |
| United States Postal Service, | *      [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: March 11, 1998
Filed: July 6, 1998

_____

Before WOLLMAN and HANSEN, Circuit Judges, and GOLDBERG,[1] District
Judge.

_____

PER CURIAM.

Defendant-appellee, the United States Postal Service ("USPS"), denied
Phillip Ceretti, plaintiff-appellant, employment for several positions on the ground
that he was not physically capable of performing certain essential functions of the

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of
International Trade, sitting by designation.

jobs without risk of injury to himself.  Mr. Ceretti filed suit in the district court,[2] alleging that the denial of employment constituted discrimination under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794.  The district court granted summary judgment in favor of the defendant after finding that plaintiff failed to establish a prima facie case for disability discrimination under the Rehabilitation Act.  Mr. Ceretti now appeals from this decision, arguing that sufficient evidence in the record suggests that he was regarded as disabled by the USPS.  Mr. Ceretti therefore maintains he made out a prima facie case and, as such, summary judgment in favor of defendant was inappropriate.  We affirm the judgment of the district court.

We review de novo the district court's grant of summary judgment.  See, e.g., Gerdes v. Swift-Eckrich, Inc., 125 F.3d 634, 636 (8th Cir. 1997).  Applying the same standard as the district court, summary judgment is appropriate only when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  "When considering a grant of summary judgment, we view all of the facts in the light most favorable to the nonmoving party."  Gerdes, 125 F.3d at 634 (citing Rifken v. McDonnell Douglas Corp., 78 F.3d 1277, 1280 (8th Cir. 1996).

This circuit has adopted the burden-shifting approach set out by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), to analyze Rehabilitation Act discrimination cases.  See Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994).  Under the three-step approach set forth in McDonnell Douglas, a plaintiff must first establish that he or she has a prima facie discrimination case by showing that he or she is a member of the protected class and that adverse employment action has been taken by an employer.  McDonnell

---

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Douglas, 411 U.S. at 802. The burden then shifts to the defendant, who must prove that it had a legitimate, nondiscriminatory reason for taking adverse employment action. Finally, if the defendant meets its burden, plaintiff may still prevail if he or she establishes that defendant's articulated reason is mere pretext for discrimination. Id. at 804-05.

We agree with the district court that Mr. Ceretti failed to meet his first burden under the McDonnell Douglas test – that is, he failed to establish a prima facie case of discrimination under the Rehabilitation Act. To table a prima facie case, Mr. Ceretti is required to show that he falls within the purview of the statute. The Rehabilitation Act defines an individual with a disability as one who (a) has a physical or mental impairment that substantially limits one or more of such person's major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. 29 U.S.C. § 706(8)(B). Both parties agree that appellant does not actually have a disability that limits a major life activity. Rather, this contest turns on appellant's assertion that he was "regarded as" having a disability that substantially limited a major life activity. A person is "regarded as" having an impairment when other people treat that person as having a substantially limiting impairment. See 29 C.F.R. § 1613.702(e). And, "major life activities" are defined as "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1.613.702(c). The record before us plainly shows that Mr. Ceretti failed to set out either element necessary to establish a prima facie case. First, the record does not suggest that he was regarded as disabled within the meaning of the Rehabilitation Act. And second, the record does not suggest that he was substantially limited in a major life activity.

Mr. Ceretti is an honorably discharged veteran who served with the U.S. Coast Guard from 1987 to 1989. During his service, Mr. Ceretti suffered a back injury while assisting in the clean-up operation of the Exxon Valdez. As a result of

the back injury, Mr. Ceretti initially received a veterans disability ranking of 10 percent, which was later raised to 20 percent in 1994. Mr. Ceretti applied for employment with the USPS in 1994 as a part-time flexible, multiple position letter sorting machine distribute clerk ("PTF MPLSMDC"). In June 1994, upon completing a physical examination, a physician's assistant rated Mr. Ceretti for the PTF MPLSMDC position as "low risk: examinee is medically qualified to perform essential functions at the time of examination, but periodic medical follow-up recommended." USPS hiring coordinators nevertheless denied Mr. Ceretti employment in the PTF MPLSDC position, concluding that he was not medically suited to perform that position.

Thereafter, the USPS offered Mr. Ceretti any of five positions – mail processor, flat sorter machine operator, city carrier, distribution clerk, and mark-up clerk, automated – if he passed a medical examination for the jobs. In April 1995, Mr. Ceretti undertook another physical examination, after which the examining doctor rated Mr. Ceretti as "high risk/restriction: examinee is medically not qualified to perform essential functions of the position. Accommodations will not reduce medical risk or restriction." Based on this opinion, the USPS determined that Mr. Ceretti was medically unsuitable for the five additional USPS positions.

Mr. Ceretti claims the evidence of record sets out a genuine issue of material fact as to whether he was regarded as disabled within the purview of the statute. First, Mr. Ceretti argues that the physician's assistant, the medical doctor, and the USPS hiring coordinator all were aware of his status as a disabled veteran. Awareness alone, however, does not suffice to set forth a claim that an employer regarded an individual as disabled. "An employer's knowledge that an employee exhibits symptoms which may be associated with an impairment does not necessarily show that the employer regarded the [potential] employee as disabled." Webb v. Mercy Hospital, 102 F.3d 958, 960 (8th Cir. 1996) (citing Hamm v.

Runyon, 51 F.3d 721, 725 (7th Cir. 1995)).[3]  Second, Mr. Ceretti points to the fact that he was briefly removed from the USPS employment rolls after he was denied the PTF MPLSMDC position as support for his "regarded as" claim.  Yet, this evidence wholly fails to suggest that the USPS considered Mr. Ceretti to be disabled.  While the evidence does show that the USPS hiring supervisors relied upon the medical opinions to conclude that Mr. Ceretti was not medically qualified to perform particular jobs, nothing in the record suggests that they regarded him as disabled.  Indeed, to the contrary the deposition testimony indicates that the USPS employees did not consider him disabled.  Mr. Ceretti fails to guide us to any evidence that suggests otherwise.  Without such evidence, Mr. Ceretti's Rehabilitation Act claim cannot go forward.

Moreover, Mr. Ceretti fails to adduce evidence that he has been substantially limited in a major life activity; hence, in this manner he also fails to establish a prima facie Rehabilitation Act claim.  The record shows that Mr. Ceretti was denied employment for six USPS positions.  Yet, the record also shows that there are over 5500 positions in the USPS Dakota region.  The mere fact that USPS regarded Mr. Ceretti as medically unsuitable for six particular jobs does not in and of itself establish that he has been substantially limited in a major life activity.  "An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one."  Wooten, 58 F.3d at 386 (citing Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994)).  See also Gerdes, 125 F.3d at 638 (rejecting plaintiff's discrimination claim under the ADA because he failed to adduce evidence to support his assertion that the employer regarded him as unable to perform in a "broad class or broad range of jobs"); Daley v. Koch, 892 F.2d 212,

_____

[3]Although Webb involved an Americans with Disabilities Act ("ADA") claim, we find reference to ADA cases instructive when reviewing Rehabilitation Act claims because the definition of "disability" under the Rehabilitation Act are substantially similar to that used in the ADA.  See Wooten v. Farmland Foods, 58 F.3d 382, 385 n.2 (8th Cir. 1995).

215 (2d Cir. 1989) (finding that the major life activity "working" cannot be interpreted to mean working at the specific job of one's choice); Forrisi v. Bowen, 794 F.2d 931, 934 (4th Cir. 1986) (stating that the statutory reference to substantial limitation means "to foreclose generally the type of employment involved.").

Mr. Ceretti nevertheless maintains that he was denied employment for all USPS positions. As support for this assertion, Mr. Ceretti points to an affidavit of an USPS hiring supervisor drafted following the denial of his application for the five USPS positions. The affidavit stated that the doctor's examination led them to believe that Mr. Ceretti would be at an unreasonable risk if hired into any position. Yet, the record also shows that the same hiring coordinator stated in a later affidavit that the phrase "any position" referred to the five USPS positions for which Mr. Ceretti had just been denied employment. Mr. Ceretti points to no other evidence to suggest that he would be denied future employment in other capacities with the USPS. Based on our review of the record as a whole, we conclude there is insufficient evidence to create a material issue of fact as to whether the USPS perceived Mr. Ceretti's impairment as substantially limiting his ability to work. Rather, the evidence of record simply shows that the USPS considered plaintiff physically unsuited to perform the essential functions of the particular jobs for which he applied. The inability to perform a narrow range of jobs does not mean that Mr. Ceretti has been substantially limited in a major life activity.

Having concluded that Mr. Ceretti failed to establish either element of his prima facie case for disability discrimination under the Rehabilitation Act, we affirm the district court's order granting summary judgment in favor of the USPS.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.