Geneva SCHULER, Appellant,

v.

PHILLIPS PETROLEUM COMPANY,
doing business as Phillips 66
Company, Appellee.

No. 98–2089.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1998.

Decided March 9, 1999.

D. Eric Sowers, St. Louis, MO, argued, for Appellant.

Ian Paul Cooper, St. Louis, MO, argued (Randall S. Thompson, St. Louis, MO and Robert Fries, Bartlesville, OK, on the brief), for Appellee.

Before BEAM, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

Geneva Schuler alleges that her employer Phillips Petroleum Company (Phillips), discriminated against her in violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and their state law counterparts under the Missouri Human Rights Act (MHRA). Schuler alleged and Phillips admitted that diversity of citizenship existed between the parties.

The ADA claim was dismissed by the district court because it found that Schuler's claims predated the enactment of the legislation. Schuler does not appeal dismissal of that claim. The district court then granted summary judgment in favor of Phillips on the ADEA claim, but made no reference to the associated MHRA age discrimination claim. The district court also declined to exercise pendent jurisdiction over the MHRA disability discrimination claim. Schuler filed a timely appeal of this decision. Then, in a somewhat confusing turn of events, the parties filed a joint motion to dismiss the appeal without prejudice. They believed the district court's decision was not final because it made no reference to the MHRA age discrimination claim and it declined to exercise pendent jurisdiction over the MHRA disability discrimination claim despite diversity between the parties. This court granted the parties' stipulated motion for dismissal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. The parties' subsequent motions to the district court for clarification of its decision were denied, and Schuler resumes her appeal.

■ Having reviewed the record and the parties' briefs, we affirm the grant of summary judgment to Phillips on the ADEA claim. Because Schuler's ADEA claim and MHRA age discrimination claim are analyzed under the same standard, *see Fast v. Southern Union Co.*, 149 F.3d 885, 889 (8th Cir. 1998), we believe that the absence of any reference to Schuler's MHRA age discrimination claim in the district court opinion indicates the court's belief that its resolution of the ADEA claim also disposed of the state claim. Having denied relief on Schuler's ADEA claim, we find the MHRA age discrimination claim to be without merit also.

■ Finally, we find that the district court erred with respect to declining jurisdiction over the MHRA disability discrimination claim. It appears that the court was proceeding on the mistaken assumption that it only had pendent jurisdiction over Schuler's state disability claim stemming from its federal question jurisdiction over the ADEA claim, and that with the grant of summary judgment on the latter, it had the discretion to entertain or dismiss the state claim. The court seems to have overlooked the fact that since the parties were diverse, it possessed an independent basis of jurisdiction over Schuler's state claims pursuant to 28 U.S.C. § 1332. Therefore, we reverse the district court's decision with regard to the MHRA disability discrimination claim.

In summary, we affirm the grant of summary judgment to Phillips on the ADEA and MHRA age discrimination claims. We reverse and remand to the district court on the MHRA disability discrimination claim for further proceedings consistent with this opinion.