# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1501

_____

| | | |
|---|---|---|
| Eugene E. Stoll, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota |
| | * | |
| C.P. Rail System, (Canadian Pacific | * | |
| Railway) and its subsidiary, Soo Line | * | |
| Railroad Company, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: October 20, 2000

Filed: November 8, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Eugene Stoll sued the Soo Line Railroad, alleging claims of disability discrimination (under both federal and state law), age discrimination (under both federal and state law), and promissory estoppel. Following extensive discovery, the district court[1] granted summary judgment in favor of the Railroad. Reviewing the court's

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

ruling de novo, see Treanor v. MCI Telecomm. Corp., 200 F.3d 570, 573 (8th Cir. 2000), we affirm.

Though he is not disabled, Stoll alleges disability discrimination under the "regarded as" provision in the Americans with Disabilities Act (ADA). See 42 U.S.C. § 12102(2)(C). Although we resolve all inferences in Stoll's favor, his claim fails because the manager responsible for terminating his employment had no knowledge of his physical condition or history of injuries. See Webb v. Mercy Hosp., 102 F.3d 958, 960 (8th Cir. 1996) (affirming summary judgment in favor of an employer on an employee's "regarded as" claim because the employer didn't know about the employee's mental impairment). Our resolution of Stoll's ADA claim also disposes of his state-law disability discrimination claim. See Wilking v. County of Ramsey, 153 F.3d 869, 872, 875 (8th Cir. 1998).

Stoll claims that the Railroad terminated him on the basis of his age in violation of the Age Discrimination and Employment Act (ADEA). See 29 U.S.C. § 623(a)(1). Stoll, 59, contends that the Railroad hired a 31-year old man, Darren Malone, to replace him. The record reveals that Malone was not hired to replace Stoll; Malone was hired to serve as a railroad engineer in a different area of the country. Moreover, it appears that the Railroad never filled the specific vacancy created by Stoll's termination. See Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1413 (8th Cir. 1997) (indicating that a plaintiff cannot meet the prima facie burden of demonstrating replacement by a younger person if the position is never filled). Our resolution of Stoll's ADEA claim also disposes of his state-law age discrimination claim. See Schuler v. Phillips Petroleum Co., 169 F.3d 1171, 1172 (8th Cir. 1999).

Stoll also pursues a claim for promissory estoppel. Minnesota courts recognize two types of promissory estoppel claims in the employment context. First, courts protect at-will employees whose future employers renege on offers of employment prior to, or upon, the first day of work. See Grouse v. Group Health Plan, Inc., 306 N.W.2d

114, 116 (Minn. 1981); <u>Gorham v. Benson Optical</u>, 539 N.W.2d 798, 801-802 (Minn. Ct. App. 1995). Second, courts protect definite-term employees when employers terminate them before the expiration of their terms. <u>See</u> <u>Eklund v. Vincent Brass & Aluminum Co.</u>, 351 N.W.2d 371, 378 (Minn. Ct. App. 1984).

Stoll's claim doesn't fit into either category. Stoll was hired by the Railroad as an at-will employee without the promise of definite-term employment. Thus, the Railroad is entitled to summary judgment if it can prove simply that Stoll was permitted to begin work. Stoll concedes that he "began his employment with the defendant on June 17, 1996." Appellant's Brief 4. He was subsequently terminated on July 1, 1996. Because the Railroad did not prevent Stoll from beginning work at his at-will position, his claim of promissory estoppel would not be recognized by Minnesota courts. <u>Cf.</u> <u>Spanier v. TCF Bank Sav.</u>, 495 N.W.2d 18, 21 (Minn. Ct. App. 1993) (explaining that once an at-will employee begins work, only a "'clear and definite' promise of long-term employment [can] overcome the strong presumption of at-will employment" permitting an employee "to proceed on a promissory estoppel claim").

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.