# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1115EM

_____

| | | |
|---|---|---|
| Charles Nesser, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| Trans World Airlines, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 24, 1998
Filed: November 10, 1998

_____

Before BOWMAN, Chief Judge, LOKEN, and KELLY,[1] Circuit Judges.

_____


KELLY, Circuit Judge.

Trans World Airlines, Inc. (TWA) employed Charles Nesser as a Customer Service Agent and as a Reservation Sales Agent. Nesser was terminated for excessive absenteeism. Nesser, who suffers from Crohn's disease, brought this disability discrimination suit under the Americans With Disabilities Act (ADA), 42 U.S.C.

_____

[1]The HONORABLE JOHN D. KELLY died on October 21, 1998. Before being hospitalized with his final illness, Judge Kelly had circulated this opinion to the other members of the panel, both of whom now have concurred.

§ 12101 et seq., and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 et seq. The District Court[2] granted summary judgment in favor of TWA, and Nesser appeals. We affirm.

## I. BACKGROUND

Charles Nesser began working for TWA on March 29, 1993, and was a member of the International Association of Machinists and Aerospace Workers, AFL-CIO (IAM). Nesser was initially employed as a Reservation Sales Agent in the Frequent Flyer Department. On April 4, 1994, Nesser transferred to a position as a Rate Desk Agent in the Sales Department. Nesser's duties as a Reservation Sales Agent and a Rate Desk Agent included extensive computer work and some telephone work.

In December of 1995, Nesser was awarded a position as a Customer Services Agent in the Air Cargo Department based on his seniority. Nesser's duties in the Air Cargo Department included assisting passengers and other customers with air transportation of packages and other cargo. Nesser remained in this position until TWA terminated his employment on January 9, 1996, for excessive absenteeism.

Nesser suffers from Crohn's Disease, which is an inflammatory bowel disorder that produces a thickening of the intestinal wall, a narrowing of the bowel channel, and a variety of symptoms including abdominal pain, fever, diarrhea, flatulence, fatigue, extreme pain, and dehydration.

TWA granted Nesser numerous medical leaves of absence for treatment and recovery, including the following: October 23 through October 28, 1994; April 6 through April 27, 1995; and July 8 through September 15, 1995. Nesser was absent

_____

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

from work six days in 1993; 43 or 44 days in 1995; and 175 days in 1995. Nesser did not work in 1996 prior to his termination on January 9, 1996, and never reported to work while in his new position in the Air Cargo Department. In an effort to explain these absences, Nesser's physician sent a letter informing TWA that Nesser was experiencing difficulty attending work because of his Crohn's Disease.

Beginning in February of 1995, TWA periodically informed Nesser that his lack of regular attendance at work was unacceptable. On February 28, 1995, TWA issued Nesser an "Attendance Hearing Letter 'B'" charging him with "excessive absenteeism" from March 29, 1993 through February 28, 1995. An attendance hearing was held on March 6, 1995. Nesser and his IAM representative attended and Nesser was warned about his attendance record. Nesser's IAM representative requested that TWA allow Nesser to work at home with a home computer. TWA denied this request.

On March 8, 1995, TWA issued Nesser a "Notice of Attendance Deficiencies – Second Notice." On November 21, 1995, TWA issued Nesser an "Attendance Hearing Letter 'C'" which again charged Nesser with excessive absenteeism. A second hearing was held. Nesser and his IAM representative were present, and TWA warned Nesser about his attendance record. On December 1, 1995, TWA issued a "Notice of Attendance Deficiencies – Final Notice." TWA warned Nesser that his record of absenteeism was excessive and warned him that, unless he made immediate corrections, he would be subject to discharge.

On January 4, 1996, a discharge hearing was held. Nesser requested that he be allowed to return to his former position as a Reservation Sales Agent and to work from home. Nesser presented no evidence that a position was available in that department. TWA denied Nesser's request and he was terminated on January 9, 1996 for excessive absenteeism.

Nesser filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that his employment was terminated on the basis of his disability and that he was not provided with reasonable accommodations, in violation of the ADA and the MHRA. Nesser obtained a Notice of his Right to Sue and brought this suit in the federal District Court, which granted TWA's motion for summary judgment. Nesser appeals.

## II. ANALYSIS

We review the district court's grant of summary judgment *de novo*. Christopher v. Adam's Mark Hotels, 137 F.3d 1069, 1071 (8th Cir. 1998). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We utilize the burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), to analyze claims brought under the ADA. See Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1205-06 (8th Cir. 1997). The same analysis applies to Nesser's MHRA claim. See Mathews v. Trilogy Communications, Inc., 143 F.3d 1160, 1163 n.5 (8th Cir. 1998).

Under the McDonnell Douglas burden-shifting scheme, a plaintiff must first establish a prima facie case of discrimination by showing "that [he] is disabled within the meaning of the [ADA]; [that he] is qualified to perform the essential functions of [his] job with or without reasonable accommodation; and [that he] suffered an adverse employment action because of [his] disability." Webb v. Mercy Hosp., 102 F.3d 958, 959-60 (8th Cir. 1996). If the plaintiff establishes a prima facie case, "the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions." Christopher, 137 F.3d at 1072. If the employer meets this burden, the plaintiff then bears the burden of demonstrating that the employer's stated reason is a pretext for discrimination. Id. The plaintiff bears the ultimate burden of demonstrating

that discrimination was the real reason for the employer's action.  See Snow, 128 F.3d at 1206.

Summary judgment is proper if a plaintiff fails to establish any element of his or her  prima facie case.  Weber v. American Express Co., 994 F.2d 513, 515-16 (8th Cir. 1993).  We find that summary judgment was properly granted in favor of TWA because Nesser did not establish a prima facie case of discrimination under the ADA.  It is clear that Nesser, who suffers from Crohn's disease, is disabled within the meaning of the ADA, and that he suffered an adverse employment action because of his disability. Nesser failed to establish, however, that he was qualified to perform the essential functions of his job with or without accommodation.

Nesser did not establish that he could perform the essential functions of his job without accommodation because he was unable to attend work on a regular basis.  We have recognized that attendance at work is a necessary job function.  "An employee who is 'unable to come to work on a regular basis [is] unable to satisfy any of the functions of the job in question, much less the essential ones.'" Moore v. Payless Shoe Source, Inc., 139 F.3d 1210, 1213 (8th Cir. 1998) (quoting Halperin v. Abacus Tech. Corp., 128 F.3d 191, 198 (4th Cir. 1997)).  Other circuits have also held that regular and reliable attendance is a necessary element of most jobs.  See Rogers v. Int'l Marine Terminals, Inc., 87 F.3d 755, 759 (5th Cir. 1996) ("Because [the plaintiff] could not attend work, he [was] not a 'qualified individual with a disability' under the ADA."); Carr v. Reno, 23 F.3d 525, 530 (D.C. Cir. 1994) (coming to work regularly was an "essential function"); Tyndall v. Nat'l Educ. Centers, 31 F.3d 209, 213 (4th Cir. 1994) ("[A] regular and reliable level of attendance is a necessary element of most jobs.").

TWA considered attendance to be an "essential function" of each of Nesser's positions with TWA.  TWA issued a series of written attendance warnings to Nesser and conducted several attendance hearings.  This placed Nesser on notice that TWA considered his attendance to be an "essential element" of his position with TWA.  An

employer's identification of a position's "essential functions" is given some deference under the ADA. See 42 U.S.C. § 12111(8) ("[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential.").[3] Nesser had been absent from work 43 or 44 days in 1995, and 175 days in 1995. Because of Nesser's frequent absences, he was unable to meet the essential functions of his position without accommodation.

Because Nesser's disability prevents him from fulfilling an essential function of his job, the ADA requires TWA to reasonably accommodate his disability, unless the accommodation would impose an undue hardship on TWA. 42 U.S.C. § 12112(b)(5)(A). Nesser was required to make a facial showing that reasonable accommodation was possible, and then the burden would have shifted to TWA to show that it was unable to accommodate him. Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995) (citing Mason v. Frank, 32 F.3d 315, 318-319 (8th Cir. 1994)).

Nesser failed to make a facial showing that reasonable accommodation was possible. Nesser had voluntarily transferred to a new position as a Customer Service Agent just prior to his termination. This position involved face-to-face contacts between Nesser and customers, and could not be performed from Nesser's home. Because his Customer Service Agent position required him to be present at TWA, he suggested that TWA transfer him back to his former position as a Reservation Sales Agent and allow him to work from home. The ADA states that reassignment may be a reasonable accommodation if a vacant position is available. 42 U.S.C. § 12111(9)(B). Because Nesser did not present any evidence that a vacant position

---

[3]Nesser attempted to show that attendance was not an essential function of his former position as a Reservation Sales Agent by citing another employee, Brian Nellesen, who also had attendance problems. This argument is not persuasive because TWA had issued the same written attendance warnings to Nellesen, including an "Attendance Deficiencies – Final Notice."

was available in the Reservation Sales Department, he did not establish that a reasonable accommodation was available. Therefore, we need not consider whether denying an employee's request to work at home can ever be a violation of the ADA's reasonable accommodation requirement in 42 U.S.C. § 12112(b)(5)(A). See Vande Zande v. Wisconsin Dept. of Admin., 44 F.3d 538 (7th Cir. 1995).

## III. CONCLUSION

Because Nesser did not establish a prima facie case under the ADA or MHRA, the District Court properly granted summary judgment in favor of TWA. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-