# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1321

_____

| | |
|---|---|
| Hugh M. Bailey, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Southern |
| | * District of Iowa |
| Amsted Industries Inc., doing business | * |
| as Griffin Pipe Products Company, | * |
| | * |
| Defendant - Appellee. | * |

_____

Submitted: February 11, 1999
Filed: April 8, 1999

_____

Before McMILLIAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.


Hugh M. Bailey was discharged by his employer, Griffin Pipe Products Company (Griffin Pipe), a division of Amsted Industries Inc., after a large number of unexcused absences from work. Bailey sued Griffin Pipe for violating the American with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Iowa Civil Rights Act (ICRA), and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

The case was tried to the court[1] which found for Griffin Pipe, and Bailey appeals. We affirm.

I.

Bailey began working for Griffin Pipe in 1984. Griffin Pipe employs approximately 240 production employees to manufacture iron pipe, all of whom are covered by a collective bargaining agreement. At the time of his discharge, Bailey worked as an iron treater.[2] Griffin Pipe has a written policy prohibiting excessive absenteeism. Excessive is not defined in writing but has historically been determined by considering total absences relative to plant norms and the disruptive effect of those absences — for example, sporadic unpredictable absences are more difficult to plan for than a long term absence due to a serious illness. The company considers all absences unexcused, including those due to personal illness, unless the reason for the absence falls within a category listed in the collective bargaining agreement, e.g., holidays, vacation, jury duty, and authorized leaves of absence (including FMLA leaves).

In 1987 Bailey was diagnosed with Graves' Disease, a form of hyperthyroidism, which was cured by radioactive iodine therapy. That therapy in turn caused hypothyroidism, which can be controlled by taking a synthetic thyroid substitute. At the end of the year Bailey was also diagnosed with a form of depression, and shortly thereafter he received six weeks of inpatient treatment for depression and alcohol abuse. Since 1988 he has periodically taken prescribed

---

[1] The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

[2] An iron treater tests the quality of produced iron and adds components to molten iron.

antidepressant medications, and he has had some psychotherapy. He has been under the care of doctors for depression and hypothyroidism since 1987.

From 1991 through April 1995, Bailey was absent from work without being excused on seventy-two occasions. During this period he obtained two authorized leaves of absence: in 1992–1993 for knee surgery and in 1994 for physical therapy for a back injury. The string of unexcused absences led to his discharge on May 9, 1995.

Bailey submitted occasional notes from doctors during the period. In 1991 Bailey's psychiatrist, Dr. Severa, wrote a note asking Griffin Pipe to excuse his absence because of a "sleep disturbance." A few months later when Bailey was facing discipline for excessive absences, Dr. Severa wrote a note attributing several absences to Bailey's "bouts with depression." Dr. Severa wrote another note in 1994 mentioning Bailey's medical conditions, but he did not link any of Bailey's absences to those conditions. In January 1995 Dr. Severa wrote a longer letter in Bailey's presence which outlined his medical condition in some more detail.[3] He stated that Bailey would need to miss work at times and that he would have good reason to miss work "up to today and maybe for the next week or two." Bailey did not miss any work in the week before the letter or during the six weeks following it. Bailey also provided eleven notes from various other medical professionals, but none mentioned his depression or thyroid condition. Seven did not list any medical condition, three listed common illnesses (bronchitis, gastroenteritis, sinusitis, viral infection), and one simply stated "medication evaluation." There is no indication that Bailey ever provided Griffin Pipe with prior or concurrent notice for any of these absences.

---

[3]This letter was sent to the union's vice president. Griffin Pipe received it from the union in February 1995.

In response to the unexcused absences, Griffin Pipe disciplined Bailey a number of times in 1991 and 1992, and Griffin Pipe again initiated disciplinary proceedings in 1994. Bailey received a verbal warning on May 13, 1994, a written warning on August 18, 1994, and a three-day suspension in January 1995. Griffin Pipe did not accept Dr. Severa's January 1995 letter as an excuse warranting withdrawal or modification of the discipline that had been imposed.

In February 1995 a union representative asked plant personnel manager Tom Leedy if consideration could be given to Bailey under the ADA or FMLA. Leedy responded that Bailey should meet with him to review his medical problems and complete the necessary paperwork. Bailey never went to meet with Leedy; he testified at trial that he was never told to go there. Finally, after eight additional unexcused absences, Bailey was discharged on May 9, 1995.

Bailey later brought this action alleging that Griffin Pipe had violated his rights under the ADA, the ICRA, and the FMLA by failing to provide a reasonable accommodation by allowing him to miss work due to his disabilities and by failing to give him leave for a serious health condition. He alleged that his depression and thyroid condition were disabilities, but he did not specifically identify what major life activity they substantially limited. See 42 U.S.C. § 12102(2). He also alleged that his depression, as complicated by his thyroid condition and back injury, is a serious health condition as defined by the FMLA, see 29 U.S.C. § 2611(11), and claimed that it requires him to be absent from work on occasion. With only a few exceptions, however, he made no showing that his unexcused absences were due to his alleged disability or serious health condition.

At trial the parties offered competing medical testimony. Bailey presented testimony from his internist that his hypothyroidism was never under control, that hypothyroidism can substantially limit major life activities and slow thought processes and motor activity, and that his problems are complicated by suffering from

both hypothyroidism and depression. Bailey also presented testimony from Dr. Severa that he suffered chronic depression, that his depression is complicated by hypothyroidism, and that depression caused him to miss work and interfered with his life in general. Griffin Pipe presented testimony from Dr. Gutnik that in his opinion Bailey was dysthymic rather than clinically depressed and that he was fully capable of performing his work.

After hearing the evidence and having the opportunity to judge the credibility of the witnesses, the district court found that Griffin Pipe had reasonably decided that Bailey had no serious health condition because he could perform his work when medicated, that there were times when Bailey failed to take his medication, and that Griffin Pipe's policy of considering all absences unexcused (except those identified in the collective bargaining agreement) was "reasonable, given [their] production requirements for a full work force each day." After finding that Bailey had only presented written medical excuses for a small number of his seventy-two unexcused absences and that only three excuses mentioned his depression or thyroid condition, the district court found that Bailey "was absent from work on almost all seventy-two occasions because he chose to be absent without having [a] medical excuse." The district court further found that Bailey had not submitted written notice to Griffin Pipe that he was seeking an accommodation under the FMLA and that Griffin Pipe had invited Bailey to arrange a meeting to discuss the FMLA, but that neither Bailey nor his union representative ever responded.

The district court entered judgment for Griffin Pipe on all counts. It ruled that Griffin Pipe had not violated the ADA or ICRA duty of reasonable accommodation because Bailey had not requested that it accommodate his disability. The district court assumed for the purpose of its analysis that Bailey's medical conditions qualified as a disability under the applicable statutes, but it concluded that the duty of reasonable accommodation did not require Griffin Pipe to excuse repeated absences. It ruled that Griffin Pipe had not violated the FMLA because Bailey failed

to give it adequate notice of his need for a medical leave and it reasonably believed he was able to work. The district court later denied Bailey's motion to amend the judgment under Rule 59(a).

Bailey now appeals claiming that the district court erred in finding that he had not requested an accommodation of his disability and that Griffin Pipe did not have adequate notice of any need for FMLA leave.[4] He also challenges the court's conclusion that Griffin Pipe's policy of not excusing absences for medical reasons did not violate the FMLA and that it was a reasonable policy. Bailey also contends that the district court erred in not considering whether Griffin Pipe failed to engage in an interactive process to determine whether Bailey was seeking an accommodation.

## II.

Factual findings of the district court "shall not be set aside unless clearly erroneous," Fed. R. Civ. P. 52(a), and its conclusions of law are reviewed de novo, Planned Parenthood of Greater Iowa, Inc. v. Atchison, 126 F.3d 1042, 1048 (8th Cir. 1997).

## A.

The ADA prohibits employment "discriminat[ion] against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112. Claims of discrimination under the ADA are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973). Nesser v. Trans World Airlines, Inc., 160 F.3d 442, 445 (8th Cir. 1998). Under this framework, Bailey is required to establish a prima facie case, which creates a

---

[4]Bailey does not appeal the district court's decision on his ICRA claim.

rebuttable presumption of discrimination. To refute this presumption, Griffin Pipe must come forward with a legitimate, nondiscriminatory reason for discharging him. The burden then shifts back to Bailey to prove that Griffin Pipe's proffered reason is pretextual. Id.

To establish a prima facie case of discrimination under the ADA, Bailey must show that he was disabled, that he was qualified to perform the essential functions of the job (either with or without reasonable accommodation), and that he was terminated under circumstances that raise an inference of unlawful discrimination. See Mole v. Buckhorn Rubber Products, Inc., 165 F.3d 1212, 1216 (8th Cir. 1999). Bailey may raise an inference of unlawful discrimination by showing that he was treated less favorably than other similarly situated employees who are not disabled. Price v. S-B Power Tool, 75 F.3d 362, 365 (8th Cir. 1996).

Bailey failed to establish a prima facie case of discrimination because he failed to show that his discharge occurred under circumstances that raise an inference of unlawful discrimination. The district court found that the vast majority of Bailey's seventy-two absences were not for medical reasons and thus not related to his alleged disability. We conclude that these findings were not clearly erroneous and we must therefore accept them. Fed. R. Civ. P. 52(a). Bailey also did not show that there were any workers who had large numbers of absences but who were not discharged.

The district court found Griffin Pipe came forward with a legitimate, nondiscriminatory reason for discharging Bailey, and Bailey did not prove that the proffered reason was pretextual. Cf. Price, 75 F.3d at 365–66. Griffin Pipe claims it discharged Bailey because of its policy on excessive absenteeism, a policy necessary to its efficient operation. The district court found this nondiscriminatory reason to be Griffin Pipe's "true reason," and that it "was not a pretext for some improper motive." There is nothing in the record to indicate that this finding is clearly erroneous, and we therefore adopt it. See Fed. R. Civ. P. 52(a).

The district court did not err in entering judgment in favor of Griffin Pipe on Bailey's ADA claim because he failed to establish a prima facie case, and even if he had done so, he failed to prove that Griffin Pipe's stated nondiscriminatory reason was a pretext.[5]

B.

The FMLA entitles eligible employees to twelve weeks of leave every year if they have a "serious health condition that makes [them] unable to perform the functions" of their job. 29 U.S.C. § 2612(a)(1)(D). "The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." Id. § 2611(11). Leave may be taken intermittently. Id. § 2612(b)(1).

If the need for leave is "foreseeable based on planned medical treatment, the employee . . . shall provide the employer with not less than 30 days' notice," or "such notice as is practicable." Id. § 2612(e)(2). "[N]otice need only be given one time, but the employee shall advise the employer as soon as practicable if dates . . . were initially unknown." 29 C.F.R. § 825.302(a). "'As soon as practicable' means as soon as both possible and practical, taking into account all of the facts and circumstances in the individual case." 29 C.F.R. § 825.302(b). "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). If "the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave as soon as practicable." 29 C.F.R. § 825.303(a).

---

[5]Since we resolve Bailey's ADA claim on this issue, we do not need to address whether Bailey is disabled, whether he requested an accommodation, whether any requested accommodation was reasonable, and whether Griffin Pipe engaged in an interactive process with him.

As discussed above, we are bound by the district court's finding that the vast majority of Bailey's seventy-two absences were not for medical reasons and that most of those that had a stated medical reason were not related to his claimed serious health conditions (hypothyroidism and depression). Thus, even if Griffin Pipe had granted Bailey FMLA leave for any absences that were attributable to his serious health conditions, Bailey still had sufficient unexcused absences to justify his discharge. Bailey cannot claim protection from the FMLA for disciplinary action by Griffin Pipe as a result of absences that are not attributable to his serious health conditions. His discharge therefore did not violate the FMLA.

The district court also found that Bailey did not give Griffin Park adequate notice of his need to take FMLA leave. Bailey presented no evidence that he gave 30 days or "such notice as is practicable" to Griffin Pipe about his foreseeable absences such as medical appointments, and therefore he has not satisfied the notice requirements of 29 U.S.C. § 2612(e)(2). Bailey also presented no evidence that he gave Griffin Pipe notice of his unforeseen absences "as soon as practicable,"[6] and therefore he has not satisfied the notice requirements of 29 C.F.R. § 825.303(a). Bailey argues that the notice requirements were satisfied by the company's knowledge that he had serious medical conditions, was under medical care, and needed to miss work from time to time. An attempt to satisfy the notice requirements by an indication that he might have to be absent at some unforeseen time in the future satisfies neither the requirement of notice of "the anticipated timing and duration of the leave," 29 C.F.R. § 825.302(c), nor the requirement of notice "as soon as practicable if dates . . . were initially unknown," 29 C.F.R. § 825.302(a).

---

[6]The written excuses that do mention Bailey's serious medical conditions were only given after the fact in response to disciplinary proceedings, not "as soon as practicable" after the missed work.

The district court did not err in entering judgment in favor of Griffin Pipe on Bailey's FMLA claim because he had sufficient absences not attributable to his alleged serious health conditions to justify his dismissal, and he did not satisfy the FMLA's notice requirements even if all his absences were attributable to his serious health conditions.[7]

## C.

In summary, we conclude that the district court did not err in concluding that Bailey had not made out his claims. The judgment of the district court is therefore affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[7]Since we resolve Bailey's FMLA claim on these issues, we do not need to address whether Bailey had a serious health condition and whether Griffin Pipe's policy of not excusing absences for medical reasons violated the FMLA or if it was a reasonable policy.