# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3996

_____

Cynthia Loeb,                *
                                    *
            Appellant,        *
                                    *    Appeal from the United States
      v.                                 *    District Court for the
                                    *    Eastern District of Missouri.
Trans World Airlines, Inc.     *
                                    *    [UNPUBLISHED]
            Appellee.         *

_____

Submitted:  October 7, 1999
Filed:  October 12, 1999

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Cynthia Loeb appeals from the district court's[1] adverse grant of summary judgment in her action under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  We affirm.

Loeb claimed her former employer, Trans World Airlines, Inc. (TWA), discriminated against her because it failed to provide a reasonable accommodation for

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

her disability, alcoholism, before it terminated her. The undisputed facts indicate that on May 21, 1993, Loeb's TWA supervisor observed her in an intoxicated state while at work. Although TWA had a written policy that employees who reported to work while impaired by alcohol were subject to termination, Loeb's supervisors decided not to terminate Loeb, but instead to suspend her for two days on the condition that she enter a rehabilitation program and execute a settlement and release agreement. On June 21, 1993, Loeb executed such an agreement with TWA so that she could be reinstated. The agreement required, inter alia, that Loeb abstain from using alcohol and participate in a TWA-approved after-care program that would provide monthly status reports to TWA. It also required her to execute an authorization releasing any medical records relating to her compliance with the agreement, and provided that violation of the agreement would result in termination. On July 27, 1993, Loeb did not report to work, and in the after-care program that evening, she admitted that she had been drinking. Program personnel reported Loeb's drinking to TWA, and Loeb was subsequently terminated.

Following her termination, Loeb was diagnosed with major depression, manic depression, obsessive-compulsive disorder, and chemical addiction to alcohol. Loeb applied for social security disability benefits, stating that she became unable to work on July 26, 1993. Ultimately, her application was granted, and the Social Security Administration (SSA) determined that she was disabled as of that date. Since her termination, Loeb has had multiple hospitalizations and has not maintained employment.

The district court concluded that TWA was unaware of Loeb's manic depression when it terminated her; she failed to establish that she was a qualified individual with a disability; TWA articulated a legitimate, nondiscriminatory reason for Loeb's termination; and Loeb had presented no evidence that TWA acted with discriminatory animus or treated her disparately.

To establish a prima facie case of discrimination under the ADA, Loeb had to show that (1) she was disabled as defined in 42 U.S.C. § 12102(2); (2) she was able to perform the essential functions of her job, with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. See Hennenfent v. Mid Dakota Clinic, P.C., 164 F.3d 419, 421-22 (8th Cir. 1998). Reviewing the grant of summary judgment de novo, see id. at 421, we conclude that Loeb failed to prove that she was able to perform the essential functions of her job, even with reasonable accommodation. Loeb failed to explain sufficiently how her sworn representations to SSA that she was unable to work as of July 26, 1993, were consistent with her claim that she could perform her job with accommodation. See Cleveland v. Policy Management Sys., Corp., 119 S. Ct. 1597, 1603-04 (1999). To the contrary, the record amply supported her sworn SSA representations. As to Loeb's argument that TWA failed to afford her reasonable accommodation, we note that Loeb never requested an accommodation from TWA, nor has she yet articulated a reasonable accommodation. See Nesser v. Trans World Airlines, Inc., 160 F.3d 442, 446 (8th Cir. 1998) (under ADA, plaintiff must first make "facial showing that reasonable accommodation was possible").

The judgment of the district court is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.