**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**AUG 27 2003**

**PATRICK FISHER**
**Clerk**

GWENDOLYN BRYANT,

      Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC., a
Delaware corporation,

      Defendant-Appellee.

No. 02-5106
(D.C. No. 00-CV-995-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

Plaintiff Gwendolyn Bryant appeals from the district court's grant of

summary judgment to defendant, her former employer, on claims alleging

violation of the Family Medical Leave Act (FMLA) and Workers' Compensation

retaliation. [1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
(continued...)

the district court's ruling de novo. *See McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1107 (10th Cir. 2002).

The parties are familiar with the underlying facts and procedural history set out by the district court, Aplt. App. at 311-19, which we do not repeat here except as necessary. Plaintiff was terminated from defendant's employ, pursuant to a letter of resignation and accompanying agreement, after reporting late for a work shift beginning November 19, 1998. She subsequently filed a complaint alleging interference with her attempts to exercise her rights under the FMLA, refusal to grant FMLA leave, and retaliation in connection with her state Workers' Compensation claim. The district court concluded that summary judgment was warranted because plaintiff 1) failed to give defendant sufficient notice under the FMLA; 2) waived her claims by signing the resignation letter and agreement; and 3) failed to make out a prima facie case of retaliation under applicable state law.[2]

On appeal, plaintiff argues that the FMLA allows employees to give notice as soon as practicable rather than in advance of the requested leave, and that she

---

[1](...continued)
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    The district court also ruled that it would not consider certain allegations in the plaintiff's summary judgment affidavit, to the extent that they contradicted her earlier deposition testimony. We agree, and have not considered these allegations, which plaintiff claims create disputed issues of fact. *See Stanfield v. Osborne Indus., Inc.*, 52 F.3d 867, 871 n.4 (10th Cir. 1995).

-2-

need not have mentioned the FMLA expressly to give defendant adequate notice. However, there is no admissible evidence in the record showing that plaintiff asked for leave with respect to the evening of November 19, 1998, or even indicated that she could not work that shift. Without some indication to her supervisor that she needed leave in connection with her alleged back pain, defendant could not be put on notice such that its duties under the FMLA were triggered. *See Bailey v. Amsted Indus., Inc.*, 172 F.3d 1041, 1045 (8th Cir. 1999) ("'An employee shall provide at least verbal notice sufficient to make the employer aware that the employee *needs FMLA-qualifying leave*.'") (quoting applicable regulation 29 C.F.R. § 825.302(c)) (emphasis added). Moreover, the FMLA form that plaintiff submitted earlier that same day to defendant's medical department indicated she was not currently incapacitated for work. Aplt. App. at 172. Admissible testimony demonstrates that she was prepared to go to work; did report for her shift, albeit late; and did perform at least some of the duties of her job. *See id.* at 67-69, 105.

"The FMLA provides for medical leave only when the applicant suffers from 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Doe v. United States Postal Serv.*, 317 F.3d 339, 345 (D.C. Cir. 2003) (quoting the FMLA, 29 U.S.C. § 2612(a)(1)(D)). Accordingly, we agree that neither plaintiff's conversations

with her supervisor on November 19, 1998, nor her submission of the FMLA form earlier that day constituted adequate notice under the FMLA that she either requested or was entitled to FMLA leave the night of November 19. Rather, it is apparent from the FMLA form that she was requesting leave for future absences that might be necessitated by her back condition, which flared up from time to time.

Plaintiff contends there was no waiver because her signing of the resignation letter and agreement was not voluntary and, in any case, the agreement excluded FMLA leave as a reason for termination. She argues that defendant relied on absences related to her back condition in deciding to terminate her. But we agree with the district court that plaintiff voluntarily signed the letter and agreement. Moreover, defendant's employment records are replete with warnings about tardiness and notations of numerous absences, Aplt. App. at 120-43, many of them unrelated to plaintiff's alleged chronic back condition which was the basis for requesting FMLA leave. "[A]n employee who requests or is on FMLA leave has no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request or leave than he or she did before submitting the request." *McBride*, 281 F.3d at 1108. Defendant had ample reason, outside of any possibly FMLA-qualifying

sick leave, to require plaintiff to sign the letter and accompanying agreement, resulting in her termination.

On her retaliation claim, plaintiff argues that 1) defendant could have reasonably concluded she would file a Worker's Compensation claim; and 2) causation is shown by an earlier attempt to terminate her in connection with an injury-related absence and the timing and facts surrounding her termination. Our review of the record, however, persuades us there is no record evidence that plaintiff's back condition arose from or was exacerbated by an on-the-job injury. Both on-the-job injury and "receipt of treatment under circumstances which put the employer on notice that treatment had been rendered for a work-related injury" are factors of a prima facie case of retaliation under applicable state law. *See Buckner v. Gen. Motors Corp.*, 760 P.2d 803, 806 (Okla. 1988). In the absence of evidence which might have put defendant on notice of the possibility of a Worker's Compensation claim, plaintiff's retaliation claim fails.

For the reasons stated above and those set out in the district court's Order dated June 25, 2002, the judgment of the district court is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-