232 F.Supp.2d 969 (2002)
Catherine Ann GURLEY, Plaintiff,
v.
AMERIWOOD INDUSTRIES, INC., Defendant.
No. 4:01 CV 355 DDN.
United States District Court, E.D. Missouri, Eastern Division.
September 12, 2002.
*970 T. Patrick Deaton, Jr., Newburger and Vossmeyer, St. Louis, MO, for plaintiff.
James N. Foster, Jr., Gregory A. Shoemaker, McMahon and Berger, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendant Ameriwood Industries, Inc., for summary judgment (Doc. No. 19). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing was held on the motion on May 29, 2002. The court concludes that Ameriwood is not entitled to summary judgment.
Plaintiff Catherine Gurley commenced this action against Ameriwood, her former employer, under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-54. She alleges that Ameriwood terminated her, because of absences from work, including absences for which she was entitled to FMLA leave, and retaliated against her for exercising her rights under the Act. She seeks lost wages, reinstatement, and attorneys' fees.
For summary judgment, Ameriwood argues that (1) Gurley was not covered by FMLA, because she did not work the requisite *971 one year for Ameriwood before claiming FMLA leave; (2) Ameriwood terminated Gurley for walking off the job and not because of absences; and (3) Gurley did not establish a prima facie case of retaliation.

Background facts and allegations:
Ms. Gurley was employed at Ameriwood, a furniture manufacturer, as a drill and machine operator on January 12, 1998.[1] Ameriwood's attendance policy provided that employees who received two points for unexcused absences within six consecutive months were subject to discharge upon accumulating seven points. Points were assessed as follows: one point for each day with a proper call in, and two points for each day without a proper call in. (Plt's Exh. 4).
In April 1998, Ms. Gurley was diagnosed with a urinary tract infection for which her treating physician, Dr. Peter Montgomery, prescribed antibiotics and pain medication. (Montgomery Depo. at 34-36, Plt's Exh. 9). Over the next several months the condition recurred, with Ms. Gurley going to the emergency room for treatment once in August and once in September 1998. Each time Dr. Montgomery prescribed a new round of medications. Symptoms Gurley complained of were frequent and very painful urination and incontinence.
On November 18, 1998, Ms. Gurley received a written warning from Ameriwood that she had accumulated five absence points; she knew that she was subject to discharge if she accumulated two more points. (Gurley Depo. at 37, Plt's Exh 7). At about this time, she again began to suffer from the above symptoms, but did not take time off from work, because she knew she was not entitled to any more days off. On approximately January 3, 1999, however, she urinated what appeared to her to be pure blood. Ms. Gurley took off Tuesday, January 5 as an unpaid personal day and on January 6 inquired about taking FMLA leave. Ameriwood informed her that she was eligible for FMLA leave and gave her forms to take to her doctor for certification of her condition. (Id. at 49, 60-62; Plt's Exh. 3).
According to Ms. Gurley, she took the forms to Dr. Montgomery's office that day and left them there to be filled out, without actually meeting with Dr. Montgomery. She then picked up the forms the next day, January 7, brought them to Ameriwood, and left. (Id. at 65-66). On the forms, Dr. Montgomery certified that Ms. Gurley had a recurring chronic condition requiring treatment and that the probable duration of her present incapacity was January 7 through January 10. (Plt's Exh. 3).
According to Dr. Montgomery, he met with Ms. Gurley on January 7, and she told him that she had been suffering from yet another urinary tract infection for the past three to four weeks. (Montgomery Depo. at 45, Plt's Exh. 9). He prescribed another round of medication and filled out the FMLA form she gave him to cover that day and the next few days for her to recover, pursuant to her request. (Id. at 50-52). He also referred her to specialists to try to determine why the infections were recurring. (Id. at 61-63; Gurley Depo. at 49-51). Ms. Gurley testified that she did not pay attention to the dates noted by Dr. Montgomery and thought she was off on FMLA leave until the specialists diagnosed and treated her problem. (Gurley Depo. at 64-65).
Ms. Gurley was incarcerated in jail on January 12 and 13, due to outstanding warrants for passing a bad check and traffic violations. When she was released, she *972 went to Ameriwood and told a personnel person that she had been in jail for the past two days. She was told that FMLA leave did not cover jail time. The next day, Ms. Gurley went to see Dr. Montgomery, because she needed more medicine. He told her that Ameriwood had called him and told him she was not entitled to FMLA leave for days she was in jail, and certified her for FMLA leave for January 14, 15, and 20, 1999. (Id. at 95-98).
During the last two weeks of January 1999, Ms. Gurley was seen by two specialists and underwent various tests. It was discovered that she had a cyst on an ovary that was causing her recurring infections and which required surgery. On February 1, 1999, Dr. Montgomery certified that Ms. Gurley needed to be off from work until after the surgery. On March 3, 1999, she was released her for full return to work as of March 8, 1999, and Ms. Gurley returned to Ameriwood on that day, eight and one-half weeks after she commenced leave. Ms. Gurley attests by affidavit that her symptoms had improved so that she could work while receiving out-patient treatment, but that she knew she would need surgery, and she told this to Ameriwood's human resources department and her supervisor. Plt's Exh. 2.
On March 15, Ms. Gurley's supervisor handed her an attendance slip showing that she had 13 absentee points. In response to her question of whether she was fired, her supervisor told her that she needed to speak to someone in personnel. Ms. Gurley then left work in the middle of her shift and sought out a union representative. She testified that she did so, because she assumed she was fired in accordance with standard company policy of terminating employees who exceeded allowed absences. The next day, Ms. Gurley went with two union representatives to Ameriwood's personnel department and was told that she was fired, because she had walked off the job the previous day.

Statutory scheme and standard of review
Under FMLA, an "eligible employee" is entitled to 12 workweeks of unpaid leave during any 12-month period, because of "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(1)(D). An employee must provide notice that she plans to take FMLA leave. Id. § 2612(e)(2). Upon the employee's return, the employer must reinstate him or her to his or her former position or its equivalent. Id. § 2614(a)(1). The Act makes it unlawful for an employer to deny these rights, id. § 2615(a)(1), and to discriminate against employees for asserting them, id. § 2615(a)(2). The definition of a "serious health condition" includes a "physical ... condition that involves ... continuing treatment by a health care provider." Id. § 2611(11)(B).
The term "eligible employee" is defined as "an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." Id. § 2611(2)(A). The determination of whether an employee is eligible for the protections of FMLA is made "as of the date leave commences." 29 C.F.R. § 825.110(d). See generally, Ragsdale v. Wolverine World Wide, Inc., ___ U.S. ___, ___, 122 S.Ct. 1155, 1161, 152 L.Ed.2d 167 (2002).
Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Darby v. Bratch, 287 F.3d 673, 678 (8th Cir.2002); Mathes v. *973 Furniture Brands Int'l, Inc., 266 F.3d 884, 885 (8th Cir.2001).

Was plaintiff an "eligible employee?"
Ameriwood first argues that it is entitled to summary judgment, because Ms. Gurley was not an eligible employee entitled to the protections of FMLA in that on January 7, 1999, she had not been employed by Ameriwood for 12 months. Ameriwood does not dispute that when Ms. Gurley inquired on January 6, 1999, about her entitlement to FMLA leave, Ameriwood told her she was eligible and gave her forms to have filled out. Rather, Ameriwood argues that, because Ms. Gurley did not, in fact, complete one year of employment until January 12, 1999, she "would have received points under Ameriwood's attendance policy for her absences on January 7, 8, and 11, 1999, resulting in her termination." (Def.'s memo in support of mot. for summ. j. at 5.)
Ameriwood argues that its representation to Ms. Gurley on January 6 that she was eligible for FMLA leave does not preclude it from now claiming she was not eligible. According to Ameriwood, Ms. Gurley can not logically allege that she detrimentally relied on this representation, while at the same time alleging that she was unable to work on the days in question.
In response to Ameriwood's argument that she was not an "eligible employee," Ms. Gurley relies upon a regulation promulgated under the Act by the Secretary of Labor, 29 C.F.R. § 825.110(b), which provides as follows:
The 12 months an employee must have been employed by the employer need not be consecutive months. If an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment. For purposes of determining whether intermittent/occasional/casual employment qualifies as "at least 12 months," 52 weeks is deemed to be equal to 12 months.
The court believes that this reliance is misplaced for two reasons. First, Ms. Gurley was not an intermittent employee. Second, to the extent that the regulation can be read to render a regular employee who worked only 11 months, three weeks and one day an "eligible employee," the regulation would be invalid as contrary to the clear language of the Act. See Ragsdale, 122 S.Ct. at 1160 (an agency regulation is invalid when it is "manifestly contrary to the statute").
Ms. Gurley also relies upon another subsection of the same regulation, arguing that, because Ameriwood informed her on January 6, 1999, that she was eligible for FMLA leave, it is precluded from now challenging her eligibility. Title 29 C.F.R. § 825.110(d) provides as follows:
The determinations of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date leave commences. If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met. If the employer confirms eligibility at the time the notice for leave is received, the employer may not subsequently challenge the employee's eligibility. In the latter case, if the employer *974 does not advise the employee whether the employee is eligible as soon as practicable (i.e., two business days absent extenuating circumstances) after the date employee eligibility is determined, the employee will have satisfied the notice requirements and the notice of leave is considered current and outstanding until the employer does advise. If the employer fails to advise the employee whether the employee is eligible prior to the date the requested leave is to commence, the employee will be deemed eligible. The employer may not, then, deny the leave. Where the employee does not give notice of the need for leave more than two business days prior to commencing leave, the employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice.
As Ameriwood notes, the provision of this subsection which deems an employee eligible when an employer fails to timely advise her whether she is eligible has been held to be invalid by the Eighth Circuit. The court reasoned the provision was invalid, because it added a nonstatutory notice obligation upon employers and extended FMLA eligibility to otherwise ineligible employees. Evanoff v. Minneapolis Public Sch., 2001 WL 379017, at *2 (8th Cir. 2001) (per curiam) (citing Brungart v. Bell-South Telecomms., Inc., 231 F.3d 791, 795-97 (11th Cir.), cert. denied, 532 U.S. 1037, 121 S.Ct. 1998, 149 L.Ed.2d 1001 (2001), and Dormeyer v. Comerica Bank-Ill., 223 F.3d 579, 582-83 (7th Cir.2000)); see also Woodford v. Community Action of Greene County, Inc., 268 F.3d 51, 55 (2nd Cir. 2001).
Ms. Gurley, however, relies upon another provision  the provision that precludes an employer who affirmatively confirms an employee's eligibility from subsequently denying it. The above cases are, thus, inapposite. See Kosakow v. New Rochelle Radiology Assoc., P.C., 274 F.3d 706, 723 (2d Cir.2001). To the extent that this provision mirrors the federal doctrine of equitable estoppel, it is valid. See id. Federal law principles of equitable estoppel are applicable to estop an employer in an FMLA case from asserting an affirmative defense contesting an employee's entitlement to FMLA where the employer's representations misled the employee into relying on the leave. Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 2002 WL 1312197, at *10 (8th Cir. June 18, 2002) (citing with approval Kosakow, 274 F.3d at 724-25).
The court believes that Ms. Gurley has, at least, raised a genuine issue of fact with respect to the applicability of equitable estoppel here. Had Ameriwood not told her she was eligible for FMLA leave on January 6, it is reasonable to believe that she would have waited a few more days to request such leave. Ms. Gurley attests by affidavit, that after Ameriwood informed her on January 6, 1999, that she was eligible for leave under FMLA, she made decisions about her health care in reliance thereon. (Plt's Exh. 2). The court is not persuaded by Ameriwood's argument that this position is inconsistent with Ms. Gurley requesting FMLA on January 7, 1999. In sum, the court rejects Ameriwood's argument that it is entitled to summary judgment based on the fact that Ms. Gurley was not an "eligible employee" until January 12, 1999.

Did plaintiff establish a genuine issue of material fact with regard to her claims?

Substantive claim
Ms. Gurley asserts that Ameriwood violated the FMLA by firing her for absences attributable to a serious health condition. Such an allegation states a substantive claim under 29 U.S.C. § 2615(a)(1). See, *975 e.g., Rankin v. Seagate Techs., Inc., 246 F.3d 1145 (8th Cir.2001); Bailey v. Amsted Indus., Inc., 172 F.3d 1041, 1045-46 (8th Cir.1999); Diaz v. Fort Wayne Foundry Corp., 131 F.3d 711, 712 (7th Cir.1997) (cited with approval in Rankin, 246 F.3d at 1148).
In Rankin, 246 F.3d at 1148, the Eighth Circuit held that the familiar burden-shifting analysis used in employment discrimination cases is not applicable to FMLA claims such as Ms. Gurley's. Rather, this court is to consider the evidence in the record to determine whether Ameriwood is entitled to summary judgment on Ms. Gurley's claim that she had a "serious medical condition" from January 7 through March 8, 1999. See id. In so doing, the court is to consider the factors of the objective test set forth in 29 C.F.R. § 825.114(a)(2) for determining whether an employee's absences were due to a "serious medical condition." This regulation provides as follows:
A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
(i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
(A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
(B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.
Upon review of the record, the court concludes that Ms. Gurley has presented sufficient evidence to create an issue of fact regarding her entitlement to FMLA leave from January 7, 1999, until she was released to work following her surgery, precluding summary judgment in favor of Ameriwood. See id. at 1148-49 (genuine issue as to whether former employee suffering from vomiting, coughing, congestion, and sleeplessness had a period of incapacity which exceeded three days and whether she received continuing treatment by a health care provider precluded summary judgment for employer). Ameriwood states as an undisputed fact that on January 7 and 8, 1999, Ms. Gurley was unable to go to work. Viewing the evidence in the light most favorable to Ms. Gurley, her condition remained substantially the same until she returned to work on March 8, 1999.
The specific dates noted on the forms signed by Dr. Montgomery are not dispositive, especially in light of the fact that Dr. Montgomery failed to properly diagnose Ms. Gurley's problem. In her affidavit, Ms. Gurley states that she and her attorney met with Dr. Montgomery on December 28, 2001, and he told her that it was probable she was too ill to work on January 11, 12, 13, and 19, 1999, and that he would have certified her to be off for those days had he received a specific request from her to be excused for them. Plt's Exh. 2. Attached to the affidavit is a copy of Dr. Montgomery's chart notation to that effect.
Ameriwood argues that the two days Ms. Gurley spent in jail cannot be counted as FMLA leave and that, thus, her absence points total reached at least seven and was cause for termination without violating *976 FMLA. The court finds this argument unpersuasive. If, in fact, Ms. Gurley had a "serious medical condition" on the two days in question, the fact that she was arrested on outstanding warrants and incarcerated for those two days would not negate her entitlement to FMLA leave.
The court also believes a fact question remains as to the reason Ameriwood fired Ms. Gurley. Ameriwood maintains that, even though it was entitled to fire her based upon her attendance record, it actually fired her, because she walked off the job during her shift. Ms. Gurley testified that she left work because she assumed she was fired and wanted to pursue the matter with a union representative. Her assumption seems reasonable in light of Ameriwood's undisputed policy of firing employees who exceeded the allowed absentee points. Indeed, Ameriwood acknowledges that Ms. Gurley would have been terminated for her point total under the attendance policy, except that the paperwork had not been completed; she had only recently returned to work, and Ameriwood could not fire her prior to her return, because disciplinary action could not be taken without a union official present. Memo in support of mot. for summ. j. at 9 n. 3. A fact-finder could believe that Ms. Gurley's leaving work after being handed an attendance slip showing 13 points was not the real reason she was fired.

Retaliation claim
Ms. Gurley also asserts that Ameriwood violated § 2615(a)(2) by terminating her one week after returning to work, when she still had several weeks of FMLA leave available, and informing Ameriwood that she still had health problems which would require surgery. To establish a prima facie case for retaliation under FMLA, a plaintiff must demonstrate that she engaged in activity protected under the Act, she suffered an adverse employment action by the employer, and a causal connection existed between the employee's action and the adverse employment action. Darby v. Bratch, 287 F.3d at 679; Hatchett v. Philander Smith Coll., 251 F.3d 670, 677 (8th Cir.2001) ("in order to establish a prima facie case for FMLA retaliation, the employee must demonstrate that FMLA leave was the determinative factor in the employment decision at issue").
In Rankin, 246 F.3d at 1148 n. 2, the Eighth Circuit left open the question of whether the burden-shifting analysis applies to such a claim. Since then, a court in this district held that it does. Sanders v. The May Dep't Stores Co., No. 4:00CV567-DJS, order denying summary judgment (E.D.Mo. May 11, 2001). Under this approach, if the plaintiff succeeds in making a prima facie case, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the termination. Bocalbos v. National W. Life Ins. Co., 162 F.3d 379, 383 (5th Cir.), cert. denied, 528 U.S. 872, 120 S.Ct. 175, 145 L.Ed.2d 148 (1999). Once the employer has done so, the plaintiff must show by a preponderance of the evidence that the employer's reason is a pretext for discrimination or retaliation. Id.
Ameriwood argues that its legitimate reason for firing Ms. Gurley was that she walked off the job during her shift. The court concludes that a reasonable factfinder could believe that this reason is pretextual, and that the real reason for the discharge was that Ms. Gurley had exercised, and would likely again exercise, her rights under FMLA.
Accordingly,
IT IS HEREBY ORDERED that the motion of defendant for summary judgment (Doc. No. 19) is denied.
NOTES
[1] Ms. Gurley was previously employed by Ameriwood in 1997 for two to three months. Neither party claims that this period of employment is relevant to the issue in this case.