# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3033

_____

Todd Johnson

*Plaintiff - Appellant*

v.

Dollar General; Dolgencorp, LLC; Michael Williams

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: June 6, 2013
Filed: June 6, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Todd Johnson appeals district court's[1] adverse grant of summary judgment in this action against his former employer claiming violations of the Family and Medical

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Leave Act (FMLA) and state law.  Following de novo review, we agree with the district court's determination that Johnson did not create a genuine issue of material fact that he had a "serious heath condition" for purposes of a claim that defendants interfered with his FMLA rights.  *See* 29 U.S.C. § 2611(11) (defining "serious health condition"); *Ballato v. Comcast Corp.*, 676 F.3d 768, 772 (8th Cir. 2012) (initial burden of proof in FMLA interference case is on employee to show that he was entitled to benefit denied); *Rankin v. Seagate Tech., Inc.*, 246 F.3d 1145, 1147 (8th Cir. 2001) (conditions like common cold or flu will not routinely satisfy requirements).  We also agree that Johnson's FMLA retaliation claim fails because, among other reasons, he did not establish he was attempting to invoke FMLA rights.  *See Wierman v. Casey's General Stores*, 638 F.3d 984, 999 (8th Cir. 2011) (FMLA retaliation claim is evaluated under burden-shifting framework; to establish prima facie case, employee must show that (1) he engaged in protected conduct, (2) he suffered materially adverse employment action, and (3) materially adverse action was causally linked to protected conduct).  Because we further conclude that the district court properly analyzed and rejected Johnson's claims that defendants retaliated against him for seeking workers' compensation benefits and unlawfully failed to pay him a bonus, we affirm.  *See* 8th Cir. R. 47B

———————————————